# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHELDON TERRY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ST. FRANCIS SELECT SPECIALTY ) <br> HOSPITAL, et al., ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION <br><br> No. 10-4047-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Defendant St. Francis Health Center's Motion To Dismiss</u> (Doc. #12) filed May 25, 2010; <u>Defendant Select Specialty Hospital's Motion To Dismiss</u> (Doc. #15) filed June 4, 2010; <u>City Of Topeka Police Department's Motion To Dismiss</u> (Doc. #18) filed June 8, 2010 and the <u>Motion To Dismiss Of Defendant Kansas Department Of Social And Rehabilitation Services</u> (Doc. #22) filed June 16, 2010. For reasons stated below, defendants' motions are sustained.

## Factual Background

On May 6, 2010, plaintiff filed a complaint against St. Francis Specialty Hospital, Inc., St. Francis Health Center, Inc., the Kansas Department of Social and Rehabilitation Services and the City of Topeka Police Department. Plaintiff is a citizen of Kansas. <u>See</u> <u>Civil Complaint</u> (Doc. #1) at 4. St. Francis Health Center, Inc. is a Kansas corporation with its principal place of business in Kansas. St. Francis Select Speciality Hospital is a foreign corporation with its principal place of business in Topeka, Kansas.

Plaintiff alleges that defendants "took father from me, caused body harm that resulted in death, then charged me with a crime that I was innocent of." <u>Id.</u> at 5. Plaintiff asserts diversity

jurisdiction under 28 U.S.C. § 1332.  Plaintiff also alleges that jurisdiction arises "because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. § 1343)."  Id.  Finally, plaintiff alleges jurisdiction under "tort law" and Smith v. United States, 507 U.S. 197 (1993).  Id.

## **Legal Standards**

The standards which apply to a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) are well settled.  Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction.  Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting Penteco Corp. Ltd. P'ship – 1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991)); Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). The Court may only exercise jurisdiction when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso, 495 F.2d at 909); Fed. R. Civ. P. 12(h)(3).  Plaintiff sustains the burden of showing that jurisdiction is proper, see id., and he must demonstrate that the case should not be dismissed.  See Jensen v. Johnson County Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).  Mere conclusory allegations of jurisdiction are not enough.  United States v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take two forms: facial attacks on the complaint or factual attacks on the accuracy of the allegations in the complaint.  See Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Defendants' motions fall within the former category because the Court need not consider evidence outside the complaint.

Because plaintiff proceeds pro se, the Court construes his complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, does not assume the role of advocate for a pro se litigant. See id.

**Analysis**

All defendants argue that this Court lacks subject matter jurisdiction over plaintiff's claims. Plaintiff asserts three grounds for subject matter jurisdiction. First, plaintiff asserts diversity of citizenship. See 28 U.S.C. § 1332. Section 1332 requires complete diversity between all plaintiffs and all defendants. See Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). Under Section 1332, a corporation is deemed to be a citizen of the state in which it is incorporated and the state in which it has its principal place of business. See 28 U.S.C. § 1332(c)(1). Here, complete diversity is lacking because plaintiff and all of the defendants are considered citizens of the State of Kansas.

Plaintiff next asserts that jurisdiction arises "because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. § 1343)." Under Section 1343, a federal court has subject matter jurisdiction over civil actions authorized by law:

> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
>
> (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the

> Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
>
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343. Plaintiff has not alleged a specific civil rights statute or how any of the four defendants violated any such statute. Because plaintiff's complaint does not assert a cognizable claim for violation of his civil rights, Section 1343 cannot confer jurisdiction over the complaint. See Lewis v. Stevenson, 123 Fed. Appx. 885, 886 (10th Cir. 2005) (Section 1343 merely jurisdictional statute and does not create cause of action); McAlpine v. McAlpine, No. 10-0048-CVE, 2010 WL 348318, at *2 (N.D. Okla. Jan. 26, 2010) (absent underlying civil rights violation, Section 1343 does not confer jurisdiction).

Finally, plaintiff asserts that jurisdiction arises on "other grounds" and cites Smith v. United States, 507 U.S. 197 (1993). Smith addressed whether the Federal Tort Claims Act applied to tortious acts or omissions occurring in Antarctica. Smith, 507 U.S. at 198. Plaintiff does not explain how Smith applies in this case or how the Federal Tort Claims Act creates jurisdiction in this case against non-federal government entities.

Plaintiff asks the Court to continue jurisdiction because of his "special circumstances." Doc. #21 at 2. As explained above, however, the Court may only exercise jurisdiction when specifically authorized to do so. See Castaneda, 23 F.3d at 1580. For the above reasons, the Court finds that it lacks subject matter jurisdiction over plaintiff's claims.[1]

---

[1] Liberally construing plaintiff's complaint and his response brief, plaintiff apparently is attempting to assert a Section 1983 claim against at least some of the defendants. To recover on a claim under Section 1983, plaintiff must prove that defendants deprived him of a constitutional right and that they acted under color of state law in doing so. Adickes v. S.H. Kress & Co., 398 U.S.
(continued...)

**IT IS THEREFORE ORDERED** that Defendant St. Francis Health Center's Motion To Dismiss (Doc. #12) filed May 25, 2010 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant Select Specialty Hospital's Motion To Dismiss (Doc. #15) filed June 4, 2010 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that City Of Topeka Police Department's Motion To Dismiss (Doc. #18) filed June 8, 2010 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Motion To Dismiss Of Defendant Kansas Department Of Social And Rehabilitation Services (Doc. #22) filed June 16, 2010 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that on or before **August 30, 2010**, plaintiff may seek leave to file an amended complaint to cure the deficiencies identified in this order.

---

[1](...continued)
144, 150 (1970). Traditionally, in order to act under color of state law for purposes of Section 1983, a defendant must have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. West v. Atkins, 487 U.S. 42, 49 (1988); How v. City of Baxter Springs, 217 Fed. Appx. 787, 792 (10th Cir. 2007). To prove that private individuals acted under color of state law for purposes of Section 1983, plaintiff may demonstrate that they conspired with public actors to accomplish a common, unconstitutional goal. Sigmon v. Cmty Care HMO, Inc., 234 F.3d 1121, 1126 (10th Cir. 2000). Where plaintiff alleges conduct under color of state law by implicating state officials in a conspiracy with private defendants, "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." Raiser v. Kono, 245 Fed. Appx. 732, 736 (10th Cir. 2007) (quoting Sooner Prods. Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983)).

Plaintiff's complaint does not set forth specifically how defendants violated any particular constitutional right or how they acted under color of state law in doing so. In any event, it does not appear that defendants will suffer undue prejudice if the Court allows plaintiff to file a motion to amend his complaint. Accordingly, on or before **August 30, 2010**, plaintiff may seek leave to file an amended complaint to assert a Section 1983 claim and cure the deficiencies identified in this order. If plaintiff seeks leave to file an amended complaint, he should follow D. Kan. Rule 15.1(a), which requires a party filing a motion to amend to (1) set forth a concise statement of the amendment or leave sought; (2) attach the proposed pleading or other document; and (3) comply with the other requirements of D. Kan. Rules 7.1 through 7.6.

Dated this 10th day of August, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
Kathryn H. Vratil<br>
United States District Judge