**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| SHELDON TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 10-4047-KHV |
| ST. FRANCIS SELECT SPECIALTY | ) | |
| HOSPITAL et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On August 5, 2010, Magistrate Judge James P. O'Hara sustained defendants' motion to stay discovery pending a ruling on defendants' motions to dismiss. See Order (Doc. #34). On August 10, 2010, the Court sustained defendants' motions to dismiss for lack of subject matter jurisdiction but granted plaintiff leave to file a motion to amend the complaint by August 30, 2010. See Memorandum And Order (Doc. #35). Later on August 10, 2010, plaintiff filed a [Motion And] Memorandum In Support Of Plaintiff's Motion To Review Order (Doc. #36). Plaintiff seeks review of the magistrate judge's ruling that the case be stayed pending a ruling on defendants' motions to dismiss. For reasons stated below, the Court overrules plaintiff's motion.

## Legal Standards

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a *de novo* review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law." Id.; see Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate's

order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

## **Analysis**

Plaintiff's motion to review is moot because the Court sustained defendants' motions to dismiss for lack of subject matter jurisdiction. In any event, plaintiff's motion lacks substantive merit. On August 5, 2010, Judge O'Hara sustained defendants' motion to stay discovery pending a ruling on defendants' motions to dismiss. See Order (Doc. #34). Judge O'Hara concluded that plaintiff had not filed a timely response to defendants' motion to stay and that it should be granted as uncontested. See id. Plaintiff argues that the "Report of Parties' Planning Conference," which he submitted on July 30, 2010, constituted his response to defendants' motion to stay. Plaintiff has not explained how the planning conference report responded to defendants' motion or why – to the extent he thought the report was a response to defendants' motion to stay – he did not file it. In any event, a magistrate often stays discovery pending resolution of jurisdictional issues. In sum, plaintiff has not shown how the magistrate's order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

**IT IS THEREFORE ORDERED** that plaintiff's [Motion And] Memorandum In Support Of Plaintiff's Motion To Review Order (Doc. #36) filed August 10, 2010 be and hereby is **OVERRULED**.

Dated this 18th day of August, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
Kathryn H. Vratil<br>
United States District Judge